# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BARBARA STUART ROBINSON,

Plaintiff,

v.

GREATER LAKES RECOVERY CENTER,

Defendant.

CASE NO. 3:19-cv-05695 RJB

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO AMEND COMPLAINT

The District Court has referred this matter to the undersigned pursuant to General Order 02-19. Plaintiff, who is *pro se,* filed her initial application to proceed *in forma pauperis* ("IFP") on July 29, 2019. Dkt. 1. Plaintiff's IFP application was deficient and she was granted leave to correct it. Dkts. 3, 4. Before the Court is plaintiff's second IFP application and complaint. Dkt. 6. Plaintiff has also filed a notice of removal. Dkt. 5.

Because plaintiff seeks to proceed IFP, her complaint is subject to *sua sponte* dismissal if it fails to state a claim upon which relief is granted. *See* 28 U.S.C. § 1915(e)(2). However, because plaintiff is *pro se*, if the complaint is subject to dismissal, the Court will afford plaintiff

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO AMEND COMPLAINT - 1

the opportunity to amend his complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The proper forms and information for *pro se* filers, including a *pro se* handbook, can be found on the district court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

DISCUSSION

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Nonetheless, Federal Rules of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Moreover, a complaint must contain sufficient factual information to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 550 (2007).

*Pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue Service,* 784 F.2d 1006, 1008 (9th Cir. 1986). This Court will not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

Plaintiff states that the basis for federal court jurisdiction is "US CONSTAMENDMENT X- ABRIDGED RIGHTS 18 US CODE 242." Dkt. 6-1 at 3. Specifically, plaintiff states that defendant Greater Lakes Discovery Center "willfully subjected deprivation of state law and

deprived rights under statutory rights RCW 10.77.088(1)(B)(ii) were not the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, reserved to the States respectively, or to the people by a medical facility." Dkt. 6-1 at 3.

Plaintiff states that the amount in controversy is more than $75,000 because "defendants failed to release the plaintiff due to her disability and its failure of its health care entity facilities to accommodate the needs of plaintiffs violated Rights and Law prohibiting Discrimination based on disability, consistent with the requirements of the Americans with Disabilities Act (ADA) and Statutory Laws and Procedures entitled the plaintiff . . . to relief." Dkt. 6-1 at 5.

In her statement of the claim, plaintiff states that "the defendants failed to release the plaintiff due to her disability and subjected deprivation of Rights, an amended court order that only required . . . only a 72 hour evaluation without treatment but instead, the defendants deprived the plaintiff of Rights under the color of State Law RCW 10.77.088; RCW 71.55 and subjected plaintiff to discrimination." Dkt. 6-1 at 5.

Construed liberally, plaintiff claims that defendants violated state and federal laws by failing to release plaintiff after a court ordered 72-hour evaluation.

Plaintiff's claim for relief repeats plaintiff's prior statements that defendants "subjected the plaintiff to deprivation of rights due to her disability . . . and caused plaintiff to suffer damages, loss, humiliation, [d]eprivation of Civil Rights and the plaintiff is entitled to relief." Dkt 6-1 at 5. However, plaintiff does not state what relief she is entitled to.

It appears that plaintiff has a viable claim for relief, but plaintiff does not state what relief she is seeking. Plaintiff alleges that the amount in controversy exceeds $75,000, but does not say what amount of damages she is seeking. According to Rule 8 of the Federal Rules of Civil

Procedure, a claim for relief must contain "a demand for relief sought, which may include alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Plaintiff is granted thirty days to amend her complaint to include what relief she is seeking.

## CONCLUSION

Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 6) is denied. Plaintiff is granted leave to amend her complaint and must do so by November 26, 2019. Failure to properly amend the complaint may result in the denial of plaintiff's IFP application and dismissal of her claim.

The Clerk of the Court is directed to note November 26, 2019 as the deadline for plaintiff's amended complaint.

Dated this 28th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge