UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>                Plaintiff,<br><br>   v.<br><br>GREATER LAKES RECOVERY CENTER,<br><br>                Defendant. | CASE NO. C19-5695-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Summary Judgment. Dkt. 31. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. For the reasons set forth below, Defendant's Motion for Summary Judgment should be granted, and this case should be dismissed.

## I.    <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

**A. STATE COURT CASE**

In July 2017, Plaintiff was apparently arrested and charged with one count of obstructing law enforcement and one count of criminal trespass. Dkt. 35, at 51. Plaintiff is apparently diagnosed with bipolar disorder and was transferred from Pierce County Jail to Defendant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Greater Lakes Recovery Center ("Greater Lakes"). Dkt. 31, at 5. Plaintiff was apparently found to be incompetent to stand trial on charges of criminal trespass and obstructing law enforcement. Dkt. 31, at 4.

After being released in approximately August 2017, Plaintiff filed suit in Pierce County Superior Court alleging that (1) Defendant had no right to detain her after she was transferred from the Pierce County Jail; (2) Defendant kept her longer than allowed under Washington's Involuntary Treatment Act; (3) Defendant's medical staff fraudulently created a medication order to keep her longer and allow her to be treated with antipsychotic medications, which was done on one occasion without her consent; and (4) it had no authority to "treat" her during the period when it was supposed to be "evaluating" her. Dkt. 32-1.

The parties filed motions for summary judgment in the Pierce County Superior Court. Dkt. 32. The court denied Plaintiff's motion for summary judgment and granted Defendant's motion for summary judgment. Dkt. 32-2. Pierce County Superior Court denied Plaintiff's motion for reconsideration of the order. Dkt. 32-14. Despite attempts to do so, it appears that Plaintiff never perfected an appeal with the Court of Appeals of the State of Washington. Dkts. 1-1, at 5; and 37-1, at 11, 21, 23.

**B. CASE IN FEDERAL COURT**

Plaintiff now sues Defendant in this court for incidents alleged to have occurred while she was being involuntarily treated by Defendant at Greater Lakes. Dkt. 15. Plaintiff indicates that she "[r]emoved her Case against the Defendants [*sic*] Greater Lakes Recovery Center to the United State [*sic*] District Court Western District of Washington from the Washington State Courts on or about September 5, 2019; to prevent a gross miscarriage of Justice." Dkt. 15, at 3.

Defendant filed the instant Motion for Summary Judgment. Dkt. 31. Defendant seeks

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

dismissal with prejudice of Plaintiff's claims and argues that the claims are barred by the doctrine of res judicata. Dkt. 31.

Plaintiff filed a response in opposition to the motion for summary judgment. Dkt. 35. Although difficult to follow, it appears that Plaintiff argues that the instant motion should be denied because "Defendants [*sic*] Motion fails to list the specific facts and law supporting summary judgment" and "a dispute exists of a material fact." Dkt. 35, at 3 (emphasis removed).

Defendant filed a reply reiterating that the instant motion should be granted and this case dismissed with prejudice under the doctrine of res judicata. Dkt. 36.

## II.   DISCUSSION

A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

*Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. RES JUDICATA**

"Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Fin'l Corp.*, 270 F.3d 895, 898–99 (9th Cir. 2001). "Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Id.* at 899.

    **1.** <u>Identity of Parties</u>

The parties are identical in both lawsuits. *See* Dkts. 31, at 10; and 32-21.

    **2.** <u>Court of Competent Jurisdiction</u>

Plaintiff filed her state court action with the Pierce County Superior Court. Dkt. 32-1. No

jurisdictional issues were raised during the pendency of that case. *See* Dkts. 32-1, at 2; and 31, at 10. Therefore, the judgment in the previous action was rendered by a court of competent jurisdiction.

### 3. Final Judgment on the Merits

"'[F]inal judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warrant City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Therefore, the Pierce County Superior Court order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment constitutes a final decision on the merits.

### 4. Identity of Claims

In determining whether a present dispute concerns the same claims that were resolved in prior litigation, courts look at several factors—but one factor is "outcome determinative." *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005). The determinative factor is "whether the two suits arise out of the same transactional nucleus of facts." *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted); *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'") (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and

whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

Plaintiff's claims in both this case and the Pierce County Superior Court case are related to an identical transactional nucleus of facts. Plaintiff's claims in both cases relate to her involuntary detainment and treatment at Greater Lakes in 2017. *Compare* Dkt. 32-1, *with* Dkt. 15.

Therefore, there is the same identity of claims of between the two actions.

5. Conclusion

Defendant has demonstrated each of the four elements of res judicata. Plaintiff's claims in this case, all of which are connected to the Pierce County Superior Court action, are therefore barred. The Court should dismiss Plaintiff's claims and dismiss this case.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment (Dkt. 31) is **GRANTED;** and
- This case is **DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of July, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6